UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANTHONY BRIAN MALLGREN,<br><br>                   Plaintiff,<br><br>   v.<br><br>CLERKS OFFICE,<br><br>                   Defendant. | NO: 13-CV-0228-TOR<br><br>ORDER DISMISSING CASE |

BEFORE THE COURT is Plaintiff's request to file a *pro se* complaint *in forma pauperis*. ECF No. 1 and 2.

**DISCUSSION**

By Local Rule, each United States Magistrate Judge in this District is delegated the authority to "[r]ule upon applications to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915." LMR 1(a)(16). By Order dated June 14, 2013, a United States Magistrate Judge reviewed Plaintiff's application to proceed *in forma pauperis* and denied the same with leave to renew. ECF No. 4. The Order explained that Plaintiff provided an incomplete answer to question number 9, but

ORDER DISMISSING CASE ~ 1

1  allowed Plaintiff thirty days to submit a properly completed application (or pay the
2  full filing fee).  *Id.*  Thirty days has passed.  Plaintiff chose neither alternative, he
3  filed a notice of appeal to the Ninth Circuit Court of Appeals instead.  ECF No. 6.
4  The Ninth Circuit Court of Appeals dismissed Plaintiff's appeal on July 9, 2013.
5  ECF No. 9.

### *In Forma Pauperis* Determination

*Forma pauperis* status requires two findings: (1) a finding of indigency, and (2) a finding that the underlying claim has some merit.  *Bradshaw v. Zoological Soc. of San Diego*, 662 F.2d 1301, 1308 (9th Cir. 1981).  Pursuant to 28 U.S.C. § 1915(e)(2)(B), notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal (i) is frivolous or malicious or (ii) fails to state a claim upon which relief may be granted.

A complaint fails to state a claim upon which relief may be granted if it lacks a cognizable legal theory or lacks sufficient facts to support a cognizable legal theory.  *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).  Plaintiff's Complaint does not state a cognizable legal theory, i.e., short plain statements showing the court's jurisdiction and the grounds for relief.  *See* Fed. Rule Civ. Pro. 8(a).

Plaintiff complains that he has filed several appeals in the United States Court of Appeals for the Second Circuit and submitted several requests for CM/ECF access. ECF No. 1 at 2. Plaintiff complains that none of his requests have been docketed, nor granted to his knowledge. *Id*. In contrast, Plaintiff asserts he received notice that he had been granted access for CM/ECF in the Ninth Circuit. *Id*. Plaintiff asserts "the remedial path that the justice system serves to provide is unduly burdened in regards to differences in circuit court processes and procedures, violating the Due Process Clause of the Fifth Amendment and ultimately hindering, and perhaps in some cases, preventing due justice." *Id*. He seeks specific performance requiring the docketing of all Plaintiff's filings and parts thereof. *Id*. Finally, Plaintiff seeks approval of CM/ECF access in the Second Circuit Court of Appeals. *Id*. at 3. This does not constitute a cognizable legal theory upon which relief may be granted. *See Mullis v. U.S. Bankruptcy Court*, 828 F.2d 1385 (9th Cir. 1987).

Plaintiff failed to avail himself of the opportunity to amend his application to provide complete information, nor has he paid the filing fee within thirty days.

The Court recognizes that Plaintiff has filed at least 29 cases in the United States District Courts and 12 cases in the Circuit Courts of Appeal, this year. This case is one of eight actions which have been filed in this District since May 10, 2013. Eastern District of Washington case numbers 13-CV-0175-LRS, 13-CV-

0180-TOR, 13-CV-0182-TOR, 13-CV-0210-TOR, 13-CV-0218-TOR, 13-CV-0228-TOR, 13-CV-0232-TOR, and 13-CV-0234-TOR. The first six in this list have now been dismissed by the District Court for failure to state a claim.

//

**Plaintiff is advised that the filing of further frivolous actions will result in the imposition of more serious sanctions than dismissal.**

//

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Application to Proceed in the District Court In Forma Pauperis, ECF No. 2, is **DENIED**.

2. Plaintiff's proposed Complaint, ECF No. 1, is **DISMISSED**.

The District Court Executive is hereby directed to enter this Order, a Judgment of Dismissal, furnish copies to Plaintiff at his last known address, and **CLOSE** the file.

**DATED** July 24, 2013.

THOMAS O. RICE
United States District Judge

ORDER DISMISSING CASE ~ 4